WILLIAM J. HOGG & another vs. AMERICAN CREDIT
INDEMNITY COMPANY.

Worcester.   October 6, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Losses from Insolvency occurring after the Term of a Bond of Indemnity.*

An action was brought upon a bond of indemnity against loss resulting from insolvency of debtors " on total gross sales . . . amounting to $120,000 or less . . . to
be made " between June 15, 1896, and June 14, 1897, when the bond was to expire.  By a rider " covered losses, occurring after payment of premium, on sales
and shipments made " from April 1, 1896, to June 15, 1896, might be proved.
By the fourth condition, " notification of claims must be delivered to this company . . . within ten days after " information by the indemnified of the debtor's
insolvency and received at the company's central office at S. during the term of
the bond, otherwise to be barred.  By another condition there was to be a final
statement of all claims filed according to the fourth condition, and it was to be received at the office within thirty days after the expiration of the bond, otherwise
all claims to be barred; and claims were to be adjusted within sixty days after
receipt of such final statement, the amount due to be then payable.  By still
another condition, " In case this bond is renewed, . . . loss on sales covered . . .
resulting after said date of expiration upon shipments made during the term of
this bond, may be proven, . . . subject also to the terms and conditions of such
renewal."  Then followed a similar provision in case this bond was a renewal.
The loss in respect of which the plaintiff claimed indemnity was upon sales made
within the time limited by the instrument, but the insolvency causing the loss
in each case occurred after June 14, 1897.  *Held*, on demurrer to the declaration, that the bond did not cover the loss.

CONTRACT on a bond of indemnity.  Writ dated March 26,
1898.  The defendant demurred to the declaration, assigning
ground therefor which is stated in the opinion.  The Superior
Court sustained the demurrer; and the plaintiff appealed to this
court.  The facts appear in the opinion.

*C. A. Merrill*, for the plaintiffs.

*E. R. Champlin*, for the defendant.

HOLMES, J.  This is an action upon a bond of indemnity,
within certain limits, against loss resulting from insolvency of
debtors, as afterwards defined, " on their total gross sales . . .
amounting to $120,000 or less; said sales . . . to be made between the 15th day of June, 1896, and the 14th day of June,
1897, both days inclusive."  The bond was " to expire on the

14th day of June, 1897." By a rider attached to the bond, "covered losses, occurring after payment of premium, on sales and shipments made from the 1st day of April, 1896, to the 15th day of June, 1896, may be proven under this bond," etc. The two losses in respect of which the plaintiffs claim indemnity may be assumed to have been upon sales made within the time limited by the instrument, but the insolvency causing the loss in each case occurred after June 14, 1897. The defendant demurs, the principal ground of demurrer being that the bond does not cover losses from insolvency occurring after the term of the bond.

. As we are of opinion that the defendant must prevail upon this ground, we do not go into details which are unnecessary for the discussion of this point. We fully appreciate the great probability that a business man reading the contract without warning might understand that he was getting the protection which the plaintiffs claim. We appreciate the small worth or worthlessness of the bond for sales made during the last part of the term covered, when we consider the definition which it gives for the term "insolvency of debtors" as used in the bond.* If we could see a reasonable doubt as to the meaning of the instrument, we should give the plaintiffs the benefit of it. But whatever doubt may be left by the words "to expire on the 14th day of June, 1897," seems to us removed by the language of three conditions, all of which lead to the same result.

By the fourth condition, "Notifications of claims must be delivered to this company . . . within ten days after the indemnified shall have had information of the insolvency of any debtor, and must be received at the central office of the company at St. Louis, Mo., during the term of this bond, otherwise such claims

---

* The bond contained the following provision: "The term insolvency of debtors whenever used in this bond is defined to be: where a debtor has made a general assignment for the benefit of his creditors; where an attachment for a debt for merchandise shall have been levied on his general stock in trade; where a writ of execution against him shall have been issued in favor of the indemnified, and returned unsatisfied, except where such execution has been so issued and returned after a receiver has been appointed of the property of such debtor; where a receiver of the general stock in trade of a debtor shall have been appointed and the amount of the claim of the indemnified has been ascertained by final decree, in the receivership proceedings, in which event the net loss thus ascertained shall be included in the calculation of losses under this bond."

shall be barred." This is perfectly explicit, and cannot be reconciled with the plaintiffs' construction except by arbitrarily assuming that construction to be correct. The plaintiffs say that it must be limited to cases where the conventional insolvency occurs during the term of the bond. Of course it must, as it could not be complied with in any other. But the conclusion is not that there are other cases for which the bond makes no provision at all, but that this requirement, universal in form, is universal in fact, and covers all the cases to which the bond applies. So by condition 12 C: "A final statement of all claims which have been filed in accordance with condition No. 4 shall be made. . . . Such final statement must be received at said office within thirty days after the expiration of this bond, otherwise all claims hereunder shall be forever barred. The adjustment of claims shall be had within sixty days after receipt of such final statement by the company, and the amount then ascertained to be due shall at once become payable." This plainly provides for the winding up of all claims upon the bond. Finally, by the eighth condition, "In case this bond is renewed, . . . loss on sales covered, . . . resulting after said date of expiration upon shipments made during the term of this bond, may be proven under and subject also to the terms and conditions of such renewal." Then follows a similar provision in case this bond is a renewal. This contemplates cases like the present, and contemplates and encourages renewals as the means by which bondholders could get the benefit of continuous insurance.* Unless that means is resorted to, there is no protection for losses "resulting after said date of expiration upon shipments made during the term of this bond."

*Judgment affirmed.*

---

* The length of time for which the notes were given did not appear, but it did appear from the declaration that the period of credit was extended by renewals from time to time during a full year from the date of sale, "the last renewal notes falling due in June and July, 1897."